**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00238-REB

AMALIA Q. LONGGREAR,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],¹ filed January 30, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of depression, anxiety, right upper extremity tendonitis, and epicondylitis. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.

---

¹ "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

This hearing was held on June 16, 2011.  At the time of the hearing, plaintiff was 42 years old.  She has high school education and past work experience as a sales attendant, assembler, and brazer assembler.  She has not engaged in substantial gainful activity since March 22, 2007, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform a range of unskilled work at the medium level of exertion with various additional postural and non-exertional restrictions.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform.  The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff alleges that the ALJ improperly assessed the medical source opinions of

record with respect to her physical impairments, failed to adequately develop the record with respect to her mental impairments, and improperly discredited her subjective reports of pain. Although I find no reversible error with respect to the ALJ's assessment of plaintiff's physical residual functional capacity, I conclude that the ALJ erred in failing to order a consultative examination to substantiate her determination of plaintiff's mental residual functional capacity, and therefore reverse.[2]

With respect to her physical residual functional capacity, plaintiff argues that the ALJ improperly failed to consider the opinion of plaintiff's treating doctor that plaintiff was capable of sedentary work and that she further failed to explain the apparent discrepancy between the lifting and handling restrictions she imposed and the opinion of a consultative examiner. Assuming *arguendo* that error occurred in these respects, the fact remains that one of the jobs identified by the vocational expert and relied on by the ALJ to support her step 5 determination was sedentary and required no handling. (**See** Tr. 20, 51 (discussing job of surveillance system monitor).) Although plaintiff maintains that remand is still required to assess whether this job exists in significant numbers, **see Trimiar v. Sullivan**, 966 F.2d 1325, 1330 (10th Cir. 1992), there was no reversible error in this regard, **see Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988). While plaintiff focuses myopically on the relatively low number of such jobs in Colorado, the Tenth Circuit has made clear that "the controlling statutes, federal regulations, and case law all

---

[2] Because I find the failure to order a mental consultative examination sufficient to warrant remand, I do not consider plaintiff's additional argument regarding the ALJ's assessment of her credibility. **See Watkins v. Barnhart**, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand."); **accord Gorringe v. Astrue**, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012); **Barthel, ex rel. T.M.B. v. Astrue**, 2009 WL 2476601 at *10 (W.D. Okla. Aug. 11, 2009).

indicate that the proper focus generally must be on jobs in the national, not regional, economy." *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). Plaintiff does not argue that the number of these jobs available nationally (13,500), either alone or combined with those available regionally, does not constitute a significant number, nor would such an argument have merit.

However, with respect to the ALJ's assessment of plaintiff's mental residual functional capacity, I do perceive reversible error. The record clearly contains evidence suggesting that plaintiff suffers from and has received treatment for anxiety and depression (*see* Tr. 356-371, 403-420), and the ALJ herself concluded that these impairments constituted severe impairments (*see* Tr. 12). Based on the language of the Social Security Act itself, the Tenth Circuit has held that

> when the record contains evidence of a mental impairment, the Secretary cannot determine that the claimant is not under a disability without first making every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

*Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1049 (10th Cir. 1993) (citing 42 U.S.C. § 421(h)). Although the regulations allow the ALJ to complete the documents required to properly assess mental impairments herself,[3] the ALJ may

---

[3] The *Andrade* court thoroughly outlined the relevant procedures prescribed by regulation:

> Social security regulations specify that a special procedure must be followed when evaluating a mental impairment. *See* 20 C.F.R. §§ 404.1520a & 416.920a. Part of this procedure entails recording pertinent information on a standard document. *Id.* §§ 404.1520a(d) & 416.920a(d). When a claimant's severe mental impairment does not meet a listed mental impairment, the standard document must include an assessment of the residual functional capacity. *Id.* §§ 404.1520a(c)(3) & 416.920a(c)(3). The document must be completed at the "initial,

do so only where there is other substantial evidence of record to support the ALJ's determination regarding the extent of the claimant's mental impairment.  *Id*. at 1049-50 (contrasting facts of that case with those considered in *Bernal*, 851 F.2d at 302-03). *See also Miller v. Astrue*, 2008 WL 686963 at *9-10 (N.D. Fla. Feb. 6, 2008) (reviewing cases to distinguish when medical opinion on mental impairments is required), *adopted*, 2008 WL 740326 (N.D. Fla. March 12, 2008).

The ALJ noted plaintiff's request that she order a consultative examination based on the recommendation of consultative examiner Dr. Benjamin Loveridge, at the conclusion of his assessment of plaintiff's physical capacities, to "[r]efer specific psychiatric recommendations to the appropriately trained mental health specialist." (Tr. 395.)  In this same document, however, Dr. Loveridge also stated that he "[w]ould recommend no psychiatric evaluation." (Tr. 395.)  The ALJ seized on this latter statement, together with Dr. Loveridge's report that plaintiff scored 28 out of 30 on a "mini mental status examination" (*see* Tr. 395), to deny the request for a consultative examination.

In so doing, the ALJ erred.  The ALJ has a duty, even where a claimant is represented by counsel, to adequately develop the record.  *See Hawkins v. Chater*,

---

reconsideration, administrative law judge hearing, and Appeals Council levels." *Id.* §§ 404.1520a(d) & 416.920a(d).  At the initial and reconsideration levels, the document must be completed and signed by a medical consultant. *Id.* §§ 404.1520a(d)(1) & 416.920a(d)(1).  The ALJ, however, may complete the document without the assistance of a medical advisor. *Id.* §§ 404.1520a(d)(1)(i) & 416.920a(d)(1)(i).  When the issue of a mental impairment arises for the first time at the ALJ hearing level, the ALJ may choose to remand the case to the State agency for completion of the document and for a new disability determination. *Id*. §§ 404.1520a(d)(1)(iii) & 416.920a(d)(1)(iii).

*Andrade*, 985 F.2d at 1049.

113 F.3d 1162, 1164 (10th Cir. 1997); **Henrie v. United States Department of Health & Human Services**, 13 F.3d 359, 360-61 (10th Cir. 1993). The very ambiguity in Dr. Loveridge's recommendations regarding whether a psychiatric evaluation was indicated suggests at the very least that the ALJ should have sought clarification of his opinion. *See* 20 C.F.R. § 1519p(b). *See also* **Social Security Ruling 96-5p**,1996 WL 374183 at *6 (SSA July 2, 1996).

Moreover, although Dr. Loveridge's medical specialty is not apparent from the record, his suggestion that plaintiff be referred "to the appropriately trained mental health specialist" clearly implies that he is not such a specialist himself. In light of that fact, the ALJ's reliance on Dr. Loveridge's suggestion that no mental health evaluation was necessary is extraordinarily tenuous. Likewise, the bare statement that plaintiff scored "28/30 with 2 points off for recall" on a "mini mental status exam" is too slender a reed on which to conclude that plaintiff had no significant mental limitations as a result of her mental impairments. The record contains nothing describing the test or its purpose or otherwise outlining the parameters thereof. It therefore is not at all apparent what plaintiff's score on this test indicates about her mental capacity to do work-related activity.

It appears that the ALJ may have felt confident in denying the request to further develop the record due to her own assessment of plaintiff's credibility regarding the limitations of her mental impairments. (*See* Tr. 15-16 (noting that plaintiff's anxiety was well-controlled on medication, that she was noncompliant with repeated recommendations to seek counseling, and that she was able to travel abroad despite

her professed anxiety at leaving the house and being in a crowd).)  However, the ALJ's own disbelief of a plaintiff's subjective reports, while not irrelevant, is not a sufficient substitute for medical evidence.  Although residual functional capacity ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. § 404.1546; **Rutledge v. Apfel**, 230 F.3d 1172, 1175 (10th Cir. 2000), "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997), the ALJ's determination still must be grounded in some medical evidence, **Anderson v. Shalala**, 51 F.3d 777, 779 (8th Cir. 1995).[4]

Accordingly, substantial evidence does not support the ALJ's decision not to order a consultative examination or otherwise further develop the record regarding the functional limitations occasioned by plaintiff's mental impairments.  Remand therefore is required.  Although plaintiff requests a directed award of benefits, I find it would not be proper to exercise my discretion in that regard under the circumstances of this case. **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).[5]

---

[4] Nor does the ALJ's limitation of plaintiff to unskilled work save her failure to adequately develop the record in this regard.  There is no direct correlation between the skills necessary to do a job and the mental demands of that same job.  **See Chapo v. Astrue**, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (noting that limitation to unskilled work "just accounted for issues of skill transfer, not impairment of mental functions – which are not skills but, rather, general prerequisites for most work at any skill level") (citation and internal quotation marks omitted).

[5] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Order a consultative examination to provide evidence relevant to a proper determination of plaintiff's mental residual functional capacity;

   b. Recontact any treating or examining source, seek the testimony of medical experts, solicit further vocational expert testimony, or otherwise further develop the record as she deems necessary;

   c. Reevaluate plaintiff's mental residual functional capacity; and

   d. Reassess the disability determination; and

3. That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

Dated March 13, 2014, at Denver, Colorado.

                                            **BY THE COURT:**

                                            *Bob Blackburn*
                                            Robert E. Blackburn
                                            United States District Judge