**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-00238-REB

AMALIA Q. LONGGREAR,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#27],[1] filed May 28, 2014. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying plaintiff's application for disability insurance benefits. I found that the ALJ committed legal error in failing to order a consultative examination to support her conclusion regarding plaintiff's mental residual functional capacity. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. ***Id***., 108 S.Ct. at 2550; ***Gilbert v. Shalala***, 45 F.3d 1391, 1394 (10th Cir.), ***cert. denied***, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," ***Pierce***, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," ***id***. at 2550 n.2. For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. ***Hadden v. Bowen***, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that her position was substantially justified. ***Gilbert***, 45 F.3d at 1394. I have discretion in determining

[2] The parties apparently or implicitly stipulate that plaintiff is a prevailing party for purposes of the EAJA. ***See Shalala v. Schaefer***, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

whether this standard has been met. ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified. Instead, she merely rehashes the arguments this court previously found unavailing. The law is well established that an ALJ may not substitute her own lay opinion for medical evidence in assessing plaintiff's residual functional capacity. The ALJ's opinion in contravention of that principle certainly cannot be described as reasonable. The Commissioner therefore has failed to meet her burden of proof on the issue of substantial justification. Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $5,177.75 representing 27.8 hours devoted to this litigation.[3] The Commissioner presents no argument that the total amount of time expended or the total amount of fees requested are unreasonable.

---

[3] Plaintiff's request includes a request for an increase in the statutory rate to $186.25 per hour as a cost-of-living adjustment("COLA"). "Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA." ***Greenhill v. United States***,. 96 Fed. Cl. 771, 783 (Fed. Cl. 2001). ***See also Baker v. Bowen***, 839 F.2d 1075, 1084 (5th Cir. 1988); ***see also Payne v. Sullivan***, 977 F.2d 900, 903 & n.2 (4th Cir. 1992).

Moreover, my own experience suggests that the hours expended are reasonable and the fees requested comparable to awards made under the EAJA in similar cases. I therefore find and conclude that plaintiff is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#27], filed May 28, 2014, is **GRANTED**; and

2. That under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is **AWARDED** attorney fees of $5,177.75.

Dated June 25, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge